IN THE COURT OF APPEALS OF TENNESSEE

EASTERN SECTION

FILED

January 21, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

KATHLEEN FERRELL, et al.      )   HAWKINS COUNTY
                              )   03A01-9707-CV-00242
     Plaintiffs-Appellees     )
                              )
                              )
     v.                       )   HON. KINDALL LAWSON,
                              )   JUDGE
                              )
WALTER REPASS, Executor       )
                              )
     Defendant-Appellant      )   AFFIRMED AND REMANDED


DOUGLAS R. BEIER OF MORRISTOWN FOR APPELLANT

WILLIAM E. PHILLIPS OF ROGERSVILLE FOR APPELLEES



O P I N I O N



                              Goddard, P.J.



     This is a suit by Kathleen Ferrell, Alfred Repass,
Doris Chapman, Mabel Moore, and Norman Repass, children of Eulice
Repass, and Portia Fielder, Debra Hays, Matine Switala, and
Ronald Pearce, children of a deceased child of Eulice Repass,
seeking to invalidate his will upon the grounds that he was
incompetent to make it and that he was unduly influenced by his
son, Walter Repass, who was sole Beneficiary under the will.

Judgment was entered by the Trial Court in accordance with the jury verdict finding against the will, resulting in this appeal wherein Walter, as Executor, raises three issues which may be restated as follows:

1.    The Trial Court erred in not directing a verdict in favor of the will because there was no material evidence to support either theory of the Contestants.

2.    The Trial Court was in error in not instructing the jury as to the effect of independent advice given the Testator on the question of undue influence.

As to the first issue, we concede there is abundant material evidence from which the jury might have found in favor of the will and reject both theories raised by the Contestants. However, because this is a jury verdict approved by a Trial Judge, we must examine the proof and indulge all reasonable inferences in a light most favorable to the verdict.

Upon doing so we find the following material evidence was introduced by the Contestants.

On September 25, 1989, the date the will was executed, the Testator was 83 years old, and on December 31, 1990, the date he died, 84 years old.

One of his daughters spent each night with him for a whole year to comfort him and keep him company because of his fears.

He suffered all of his adult life from various mental disabilities which grew worse during his later years.

One minute his behavior could be normal and the next completely irrational. His mood would change rapidly without warning or cause, and his behavior was childish.

He was afraid to be alone at night and would hear voices in the ceiling during the last several years of his life, which he believed to be that of his first wife who was deceased.

He kept guns in the house pointed toward the door and a gun beside him in his chair.

On one occasion, about 1987, he appeared to be in a trance-like state, stared at his daughter-in-law, saying over and over for more than 15 minutes that she was "a green eyed bitch."

At restaurants with his daughter he appeared to be unaware of what people were talking about and could not remember past events. On these occasions he was childlike in his manner and did not understand that his daughter had ordered for him.

3

He went into rages without cause and was irrational and physically threatening to one of his daughters during his sudden and unanticipated rages.

He exhibited rapid and unexplained mood changes.

Although he had six children, he only mentions five in his will, apparently forgetting one of his sons, Norman Repass. He also named one of his daughters as Madge Whitehead, although she was never married to a Whitehead.[1]

Two lay witnesses, who testified that in their opinion the Testator was competent, qualified their answers upon cross-examination. Both testified that they would change their opinion if, according to one, he had known that the Testator did not remember all of his children and, according to the other, if he had known that the Testator claimed to hear the voice of his deceased wife.

We conclude in light of the foregoing proof that there is material evidence from which the jury might find that the Testator was not competent when he executed the will.

---

[1]    In explanation, it appears that he had disinherited the son not mentioned, which might account for his omitting his name in his will, and, although the daughter was never married to a Whitehead, she had two children by him. The children were born many years before the will was executed and after she had been married for an extended period of time to a Dr. Pearce.

We need not address the proof relative to undue influence nor the question of independent advice because the jury rendered a general verdict as contemplated by T.C.A. 20-9-503,[2] the effect of which was to decide each issue--including the Testator's competence--in favor of the Contestants if supported by material evidence. <u>General Motors Corporation v. Dodson</u>, 47 Tenn.App. 438, 338 S.W.2d 655 (1960); <u>Rural Educational Association v. Bush</u>, 42 Tenn.App. 34, 298 S.W.2d 761 (1956). As a consequence of applying T.C.A. 20-9-503 and the case law to the facts of this case, the verdict of the jury and the judgment entered thereon must be affirmed.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for such further proceedings, if any, as may be necessary and collection of costs below. Costs of appeal are adjudged against the Executor and his surety.

_____
Houston M. Goddard, P.J.

---

[2] **20-9-503. Scope of general verdict.**-- A general verdict, although it may not in terms answer every issue joined, is nevertheless held to embrace every issue, unless exception is taken at the term at which the verdict is rendered.

CONCUR:

_____
Charles D. Susano, Jr., J.


_____
William H. Inman, Sr.J.